UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANANGEL VICTORY COMPANIA NAVIERA
S.A. and CONSUL SHIPPING LIMITED,    :

              :  06 Civ. 13755 (GEL)
       Plaintiffs,
              :  ECF CASE

 - against -
              :

AZELIE CORPORATION a/k/a AZELIE CORP.,
BVI and CARGOBULK PTE LTD.,    :

       Defendants.    :
-----------------------------------------------------------X

## AMENDED VERIFIED COMPLAINT

Plaintiffs, ANANGEL VICTORY COMPANIA NAVIERA S.A. (hereinafter "AVCN") and CONSUL SHIPPING LIMITED (hereinafter "CSL") (collectively referred to as "Plaintiffs"), by and through their attorneys, Tisdale & Lennon, LLC, as and for their Amended Verified Complaint against the Defendants, AZELIE CORPORATION a/k/a AZELIE CORP. BVI (hereinafter "AZELIE") and CARGOBULK PTE LTD. (hereinafter "CARGOBULK") (collectively referred to as "Defendants"), allege, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff AVCN was, and still is, a foreign company duly organized and existing under the laws of Panama.

3. At all times material to this action, Plaintiff CSL was, and still is, a foreign company duly organized and existing under the laws of Cyprus.

4. Upon information and belief, Defendant Azelie was, and still is, a foreign corporation or other business entity organized under and existing by virtue the laws of the British Virgin Islands.

5. Upon information and belief, Defendant Cargobulk was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law.

### AS AND FOR THE FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF AVCN AGAINST DEFENDANTS

6. Paragraphs One through Five are hereby incorporated as Paragraphs Six through Ten and made part hereof as if more fully set forth herein.

11. Plaintiff AVCN was at all material times the Owner of the motor vessel "VICTORY L."

12. Defendant Azelie was at all material times the Charterer of the M/V "VICTORY L."

13. By a charter party dated August 4, 2003, Plaintiff AVCN chartered the M/V "VICTORY L" to Azelie.

14. Following the voyage, cargo interests put forward a claim for cargo damage and shortage which AVCN settled at the end of June 2005 for $55,000.

15. Under the terms of the relevant Inter Club Agreement, "claims in fact arising out of the loading, stowage, lashing, discharge, storage or other handling of cargo" are to be apportioned 100% to charterers. Thus, Azelie is liable to AVCN for the full amount paid to cargo interests.

16. AVCN sought contribution from Azelie for the amounts paid to cargo interests.

17. AVCN also sought contribution from Azelie for the expenses incurred in defending against cargo interests' claim.

18. Certain disputes arose between AVCN and Azelie regarding Azelie's failure to pay AVCN the above amounts, which were due and owing under the Inter Club Agreement.

19. As a result of Azelie's failure to pay the apportionment of the cargo claim due under the Inter Club Agreement incorporated by the charter, AVCN has and will continue to suffer losses in the total principal sum of $75,625.80, as best can now be estimated, exclusive of interest, reasonable attorneys fees and arbitration expenses.

20. Pursuant to clause 17 of the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

21. Despite due demand, Azelie failed to pay the amounts due and owing under the Inter Club Agreement as incorporated. As a result, AVCN has commenced arbitration proceedings on its claims.

22. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English law. As best as can now be estimated, AVCN expects to recover the following amounts under the final arbitration award:

| | | |
|---|---|---|
| A. | Principal claim for demurrage: | $75,625.80 |
| B. | Estimated interest on principal claim; two years at 7%: | $13,234.52 |
| C. | Attorney's fees and arbitration expenses: | $55,000.00 |
| **Total** | | **$143,860.32** |

23. Upon information and belief, Defendants Azelie and Cargobulk are alter egos of one another and share offices, directors, shareholders, employees and/or commingle funds, or one entity so dominates and controls the other that their separate corporate identities have been lost and that they function as a single entity and should be held accountable for the debts of one another.

24. Upon information and belief, Defendant Azelie is the agent of Defendant Cargobulk and is in the business of handling, sending and receiving the property of Defendant Azelie.

25. Upon information and belief, Defendant Cargobulk is the agent of Defendant Azelie and is the business of handling, sending and receiving the property of Defendant Azelie.

26. Cargobulk is the alter ego of Azelie because Cargobulk dominates and disregards Azelie's corporate form to the extent that Cargobulk is actually carrying on Azelie's business and operations as if the same were its own or vice-versa.

27. Upon information and belief, Defendant Cargobulk makes payments on behalf of Azelie or arranges for other non-parties to satisfy the debts and obligations of Azelie.

28. In the further alternative, Defendants are partners and/or are joint venturers.

29. In the further alternative, Defendants are affiliated companies such that Cargobulk is now, or will soon be, holding assets belonging to Azelie and vice versa.

30. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, American Express Bank, ABN-AMRO Bank, Bank of America, Bank of New York, Citibank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank which are believed to be due and owing to the Defendants.

31. The Plaintiffs seek an order from this court directing the Clerk of Court to

issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants, held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiffs' claims as described above.

### AS AND FOR THE SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF CSL AGAINST DEFENDANTS

32. Paragraphs One through Five and Twenty Three through Thirty One are hereby incorporated as Paragraphs Thirty Two through Forty Five and made part hereof as if more fully set forth herein.

46. Plaintiff CSL was at all material times the Owner of the motor vessel "VERTEX."

47. Defendant Azelie was at all material times the Charterer of the M/V "VERTEX."

48. By a charter party dated August 12, 2003, CSL chartered the M/V "VERTEX" to Azelie.

49. Following the voyage, cargo interests put forward a claim for cargo damage and shortage which CSL settled on April 11, 2006 for $50,000.

50. Under the terms of the relevant Inter Club Agreement, "claims in fact arising out of the loading, stowage, lashing, discharge, storage or other handling of cargo" apportioned 100% to charterers. Thus, Azelie is liable to CSL for the full amount paid to cargo interests.

51. CSL sought contribution from Azelie for the amounts paid to cargo interests.

52. CSL also sought contribution from Azelie for the expenses incurred in defending against cargo interests' claim.

53. Certain disputes arose between CSL and Azelie regarding Azelie's failure to pay CSL the above amounts, which were due and owing under the Inter Club Agreement.

54.     As a result of Azelie's failure to pay the apportionment of the cargo claim due under the Inter Club Agreement incorporated by the charter, CSL has and will continue to suffer losses in the total principal sum of $66,005.74, as best can now be estimated, exclusive of interest, attorneys fees and arbitration costs.

55.     Pursuant to clause 17 of the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

56.     Despite due demand, CSL failed to pay the amounts due and owing under the Inter Club Agreement as incorporated. As a result, CSL has commenced arbitration to recover its damages.

57.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English law. As best as can now be estimated, CSL expects to recover the following amounts under the final arbitration award:

| | | |
|---|---|---|
| A. | Principal claim for demurrage: | $66,005.74 |
| B. | Estimated interest on principal claim; two years at 7%: | $9,240.00 |
| C. | Attorney's fees and arbitration expenses: | $46,000.00 |
| **Total** | | **$ 121,245.74** |

**WHEREFORE**, Plaintiffs pray:

A.      That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Amended Complaint;

B.      That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and

also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, American Express Bank, ABN-AMRO Bank, Bank of America, Bank of New York, Citibank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank, which are due and owing to the Defendants, in the amount of **$265,106.06** to secure the Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Amended Complaint;

C.  That this Court recognize and enforce the foreign judgment rendered in favor of Plaintiffs' claims as a judgment of this Court;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.  That the Plaintiffs have such other, further and different relief as the Court may deem just and proper.

Dated: December 19, 2006
       New York, NY

The Plaintiffs,
ANANGEL VICTORY COMPANIA NAVIERA
S.A. and CONSUL SHIPPING LIMITED

By: /s/
Nancy R. Peterson (NP 2871)
Patrick F. Lennon (PL 2162)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 (Phone)
(212) 869-0067 (Fax)
Npeterson@Tisdale-Lennon.com
Plennon@Tisdale-Lennon.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   Town of Southport
County of Fairfield   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an associate in the firm of Tisdale & Lennon, LLC, attorneys for the Plaintiffs.

4. I have read the foregoing Amended Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiffs is that the Plaintiffs are business organizations with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiffs and agents and/or representatives of the Plaintiffs.

7. I am authorized to make this Verification on behalf of the Plaintiffs.

Dated:   Southport, Connecticut
         December 19, 2006

_____
Nancy R. Peterson